IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Neftaly Felix, | C/A No. 6:25-cv-08348-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Travelers Personal Insurance Company, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Remand. ECF No. 10. Defendant filed a response in opposition. ECF No. 11. Accordingly, this matter is suitable for review.

## **BACKGROUND**

This action was initially filed in the Greenville County Court of Common Pleas. ECF No. 1. Plaintiff alleges that his property, which was insured by Defendant, suffered damage as a result of Hurricane Helene, and Defendant improperly denied and/or underpaid his claim. He brings claims for breach of contract and bad faith. Plaintiff requests attorneys' fees and "all damages, punitive and actual, for the cost and disbursements of this action, together with pre-judgment and post-judgment interests, and for such other further relief as this Court may deem just and proper." ECF No. 1-1 at 7. This action was removed on the basis of diversity jurisdiction. ECF No. 1.

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states. *See* 28 U.S.C. §§ 1331, 1332.

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

## DISCUSSION

Defendant removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 1. The Parties do not dispute they are diverse; instead, they dispute whether the

amount in controversy exceeds $75,000.  ECF Nos. 10, 11.  As stated above, Plaintiff filed a motion to remand, and Defendant filed a response in opposition.  ECF Nos. 10, 11.  On October 16, 2025, the Court gave Plaintiff an opportunity to stipulate that he "seeks damages in an amount less than $75,000 is irrevocable; that he will at no time move to amend his Complaint to seek an amount in excess of $75,000; and that he will not attempt to collect on any judgment rendered in excess of $75,000 in the event a verdict is rendered exceeding that amount, would alleviate its concerns regarding remand."  ECF No. 13 (citing *Hare v. Nationwide Life & Annuity Ins. Co.*, No. 3:24-cv-01252-JDA, 2024 WL 3593816, at *2 (D.S.C. July 31, 2024)).  Plaintiff did not avail himself of this opportunity.

Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, C.A. No. 4:15-05031-BHH, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016).  "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount-in-controversy." *Carter v. Bridgestone Ams., Inc.*, C/A No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (citing *Rota v. Consolidation Coal Co.*, 175 F.3d 1016 (4th Cir. Apr. 5, 1999) (unpublished table opinion)).  Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied." *Id.* (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

3

Generally, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax*, 624 F.3d at 638 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Nevertheless, courts in this district have consistently found that a post-removal stipulation that damages do not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post removal amendment of the plaintiff's complaint. *Carter*, 2013 WL 3946233, at *1–2; *see also Clifton v. Allen*, No. 9:17-cv-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Brown v. VSC Fire & Sec., Inc.*, C/A No. 4:15-cv-0531-BHH, 2016 WL 1600126, at *3 (D.S.C. Apr. 20, 2016) (same); *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (finding that post-removal stipulation was proper and remanding to state court).

Here, the Complaint does not state a sum for the damages that Plaintiff is seeking. *See* ECF No. 1-1. Thus, the Court considers the demand letter and whether it clarifies the amount in controversy. *Carter*, 2013 WL 3946233, at *1–2. Plaintiff submitted a demand letter for $59,902.61, which he states in his motion is "inclusive of all damages and categories of claimed loss, exclusive of fees and costs." ECF No. 10 at 2. Within the motion to remand, Plaintiff "certifies that the damages sought in this case do not exceed $75,000, exclusive of interest and costs." *Id.* Courts in this district have found that when attorney's fees are provided for by contract or statute, courts must consider attorney's

4

fees when calculating the amount in controversy.[1]  *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (citation omitted).

Here, in light of the variety of relief excluded from the demand amount in addition to the demand amount of $59,902.61, the Court finds that there is reasonable probability that the amount in controversy exceeds $75,000.00.  *Carter*, 2013 WL 3946233, at *1; *Davenport*, 2024 WL 4453651, *3.  Therefore, this Court has subject matter jurisdiction over this action, and the motion to remand is denied.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [10] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 4, 2025
Spartanburg, South Carolina

---

[1] The Complaint alleges that S.C. Code § 38-59-40 applies in this case and so the Court must consider attorney's fees.  ECF No. 1-1 at 4.